**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Nathaniel Chandler,<br><br>      Plaintiff,<br><br> -v.-<br><br>Jefferson Capital Systems, LLC<br><br>      Defendant(s). | Case No.: 1:25-cv-02712-CMC<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Nathaniel Chandler ("Plaintiff") by and through his attorneys, and as for his Complaint against Defendant Jefferson Capital Systems ("JCapital"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer

1

protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.  Plaintiff brings this action under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of South Carolina in the County of Aiken.

8.  Defendant JCapital is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9.  JCapital can be served with process at their registered agent in South Carolina c/o Corporation Service Company located at 508 Meeting Street, West Columbia, South Carolina, 29169.

10. Upon information and belief, Defendant JCapital is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats the above allegations as if set forth here.

12. Some time prior to October 2024 an obligation was allegedly incurred by Plaintiff to Regional Finance.

13. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes.

14. The alleged Regional Finance obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

15. Regional Finance is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

16. Upon information and belief, JCapital now owns the Regional Finance debt and is the current creditor as well as a debt collector since it purchased this debt when it was in default.

17. Defendant, JCapital, collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

### *Violation – Double Collection*

18. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 17 above herein with the same force and effect as if the same were set forth at length herein.

19. On or about October 2024, Defendant sent Plaintiff a collection letter ("Letter #1") regarding the alleged debt originally owed to Regional Finance. *See* Letter #1 attached as Exhibit A.

20. The collection letter states, in relevant part:

> **Offer #1 – Single payment and the largest savings**:

> Resolve your account with a lump sum of $2,780.97 which represents an approximate 40% savings.
>
> **Offer #2 – Payment plan with savings**
> Resolve your account with 12 monthly payments of $251.06 which represents an approximate 35% savings.
>
> **Offer 3 – Pay your account in full with monthly payments**
> Resolve your account with 24 monthly payments of $193.12 which represents payment of full balance.

*See* Exhibit A.

21. Each of the payment plans are based on Plaintiff's original obligation of $4,634.96 owed to Defendant.

22. In response to this Letter the Plaintiff sent a check in full for the amount of $4634.96 to the Defendant, given that he did not understand the various payment options would satisfy the debt in full.

23. Upon realizing that payment in full was not needed in order to satisfy the debt the Plaintiff promptly contacted Defendant to resolve this issue.

24. In response to Plaintiff's inquiry, Defendant assured the Plaintiff that they would receive a refund of $1,840.00 in return and the debt would be still be satisfied.

25. The $1,840.00 refund offered by Defendant represents the difference between Plaintiff's $4,634.00 check and the lump sum amount of $2,780.00 required to resolve Plaintiff's account, as outlined in the "**Offer #1 – Single Payment and Largest Savings**" section of Letter #1.

26. Following the mutual agreement, Defendant issued Plaintiff a refund of $1,853.00.

27. Given that the Defendant kept the $2780 and returned the rest it was assumed and understood that the deal was finalized and this debt was satisfied as per terms of the offer Letter.

*January 28, 2025 Collection Letter*

28. On or about January 16, 2025, Defendant sent Plaintiff Letter #2, demanding payment of a $1,853.00 outstanding balance and offering three different payment options to resolve the balance.

29. The $1,853.00 outstanding balance referenced in Letter #2 is the same amount that was previously refunded to Plaintiff.

30. Prior to receiving Letter #2, Plaintiff believed the debt owed to Defendant had been fully satisfied, based on Plaintiff's payment of $4,634.00 to Defendant and the subsequent refund of $1,853.00.

31. Defendant's Letter 2 represents a double collection of a previously satisfied debt and constitutes intentional harassment to coerce further funds from the Plaintiff.

32. Furthermore, this letter lacks any reference to previous payment made and makes it appear as a new debt.

33. Defendant knew or should have known that its actions violated the FDCPA. Defendant should have done its due diligence before collecting on a debt that was previously settled in full.

34. Defendant falsely misrepresented the character, status, and amount of Plaintiff's debt.

35. The deceptive and false information in Defendant's Letter 2 confused Plaintiff and misled him to believe that the debt still existed.

36. Pursuant to 15 U.S.C. § 1692e(2)(A), a debt collector violates the FDCPA when it makes a false representation regarding the "the character, amount, or legal status of any debt."

37. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the existence of the alleged debt.

38. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it makes "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

39. By deceptively misrepresenting the continued existence of the alleged debt, Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692e(10).

40. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

41. A debt collector violates 15 U.S.C. § 1692f(1) when it tries to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

42. Defendant's attempt to unlawfully collect on a debt that was already settled is a direct violation of 15 U.S.C. § 1692f(1).

43. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

44. Given the previous settlement with Defendant, this entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

45. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

46. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with

the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

47. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

48. Plaintiff was uncertain about the legitimacy of the Letter and misled to his detriment by the statements and/or omissions in the dunning letter, and relied on the contents of the Letter to his detriment.

49. The receipt of this Letter, after Plaintiff had believed to have settled the debt, caused him to become extremely upset, as well as concerned that his previous payment was a scam and he would suffer further now having to pay the debt again as well as have his credit score harmed further.

50. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of the debt collection informational furnishment, and ultimate dissemination, to third parties.

51. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

52. Plaintiff was misled and made uncertain to his detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to his detriment.

53. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

54. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

56. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. Defendant violated said section by:

   a. Making a false and misleading representation in violation of §§ 1692e and 1692e(10) by sending Plaintiff Letter #2, implying that Plaintiff still owed a debt despite a prior agreement with Defendant that was intended to settle all debts.

   b. Falsely representing the character, amount or legal status of the debt in violation of §1692e(2).

58. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq.* of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

59. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

61. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

62. Defendant violated §1692f:

   a. By unfairly attempting to collect on a debt that was previously paid; and

   b. By deceptively attempting to collect on a debt that was previously paid.

63. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

64. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

65. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

66. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

67. Defendant violated §1692d:

   a. By attempting, to collect on a debt that was previously settled in full.

68. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

69. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nathaniel Chandler demands judgment from Defendant as follows:

   i. Awarding the Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   ii. Awarding the Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   iii. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   iv. Providing declaratory relief for the Plaintiff by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201;

   v. Awarding the Plaintiff punitive damages for Defendant's willful and reckless conduct; and

   vi. Awarding the Plaintiff any such other and further relief as this Court may deem just and proper.

Dated: April 1, 2025                     Respectfully submitted,

                                          /s/ Dawn M. McCraw
                                          Dawn M. McCraw

CONSUMER JUSTICE
8245 N. 85th Way
Scottsdale, AZ 85258
T: (602)-807-1527
E: dmccraw@consumerjustice.com
Attorney For Plaintiff